## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |  |
|---|---|---|
| RODERICK BO JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV422-250 |
| | ) | |
| CYNTHIA NELSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Roderick Bo Jackson filed a § 2254 petition alleging procedural problems in his state habeas proceeding. *See* doc. 1 at 5. His Petition was transferred from the Northern District of Georgia, but he neither paid the filing fee nor moved to proceed *in forma pauperis* in that court. The Clerk notified him of the deficiency. *See* doc. 5. He has responded to the Clerk's Notice by filing a Motion to pursue this case *in forma pauperis*. Doc. 7. Review of that request shows that Jackson does not appear indigent, and his Motion for leave to proceed IFP should therefore be **DENIED**. Doc. 7.

In his Motion, Jackson states that he receives gifts from family members of "about 50 or 60 dollars every 2 to 3 weeks." Doc. 7 at 1. He has left the remainder of the form motion blank. *See id.* at 1-2. He has,

however, submitted an accounting of the funds in his prisoner trust account. See doc. 8. That accounting is dated October 31, 2022, and indicates a balance in his account of $88.52. *Id.* He, therefore, appears to have more than sufficient funds to pay the $5.00 filing fee. *See* 28 U.S.C. § 1914(a).

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application). Two important points must again be underscored. *See* doc. 4 at 4, n. 3. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th

Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given his disclosed trust account balance, Jackson is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.[1] Doc. 7. Should the assigned district judge agree with this recommendation, Jackson should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

---

[1] If Plaintiff believes the Court has misconstrued his financial situation, his opportunity to object to this Report and Recommendation, discussed below, provides him an opportunity to clarify it.

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 9th day of November, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA