UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RODERICK BO JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV422-250 |
| | ) | |
| CYNTHIA NELSON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Roderick Bo Jackson filed this 28 U.S.C. § 2254 petition in October 2022. *See* doc. 1. It was transferred to this Court from the Middle District of Georgia. *See* doc. 3. The Court denied Jackson leave to proceed *in forma pauperis* and directed him to pay the required filing fee. *See* doc. 10. When he failed to comply with that direction, the Court recommended that his Petition be dismissed. *See* doc. 11. He objected that he failed to pay because he "didn't know how to send the money to the District Court . . . ." Doc. 12. Based on that representation, the Court vacated the recommendation of dismissal and extended his deadline to pay the filing fee. *See* doc. 13. His extended deadline has now passed, and he has not paid. *See generally* docket.

1

Instead, he has submitted a letter explaining that he has been placed in segregated confinement for possession of marijuana. *See* doc. 14. He states that he has no way of accessing the means to pay the filing fee. *Id.* at 2. The Court might extend his deadline to pay further. However, since it is clear, as discussed below, that his Petition is unexhausted, the Court need not afford him further opportunity to pay the filing fee.[1] *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies,

---

[1] Payment of the filing fee is not jurisdictional. *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020). The Court has, therefore, screened the Petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

the district court should dismiss the petition without prejudice to allow exhaustion."). Jackson must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added).[2] Jackson's failure to exhaust state remedies, therefore, warrants dismissal of his petition.

Jackson's Petition lists only one ground but incorporates pleadings from a state habeas proceeding. *See* doc. 1 at 5. The state petition he attached identifies fourteen claims. *See* doc. 1-1 at 1-7, 21-34. Regardless of the substance of those grounds, however, his Petition clearly alleges that they have not been fully considered by any state court. He concedes that he did not appeal his conviction. *See* doc. 1 at 2. He also expressly alleges that the state habeas proceeding is "still pending," or, at least, it was when he filed the Petition. *See id.* at 6.

Jackson does raise an issue that might bear on his failure to exhaust. He objects that the state habeas court is "illegally delaying" the proceeding. *See* doc. 1 at 5. The attached state habeas petition appears to have been filed in 2019. *See* doc. 1-1 at 19 (stamped filed by the Clerk

---

[2] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

of Coffee County Superior Court on June 5, 2019); *see also* doc. 1 at 13 (acknowledging the June 5, 2019 filing date).  He has also included an Order from the Superior Court continuing a hearing on his state petition, pursuant to the Statewide Judicial Emergency.  *See id.* at 17.  His Petition indicates that a hearing was held on January 12, 2021, but that further delays resulted from an "illegal[ ] transfer[ ]", although he does not provide details.  *See* doc. 1 at 13-14.

Exhaustion may be excused where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the right of the applicant."  28 U.S.C. § 2254(b).  When Jackson signature-filed[3] this Petition, his state habeas case was pending for more than three years.  Even that delay is far from sufficient to render the state process ineffective.  *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (exhaustion requirement not excused despite eight-year delay in adjudication of state habeas petition).  The

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009).  "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities on the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Jackson signed his Petition on October 5, 2022.  *See* doc. 1 at 15.

state habeas court was not completely ignoring Jackson's petition. By 2020, it had scheduled an evidentiary hearing that was continued due to restrictions imposed by the COVID-19 pandemic. *See* doc. 1-1 at 13-17. That order indicates that "visible progress toward disposition of the case is being made." *Sloan v. Chapman*, 2011 WL 816789, at *3 (S.D. Ga. Jan. 31, 2011). Moreover, although delays attributable to COVID-19 are not case related, where they may be responsible for a significant portion of the delay at issue, it cannot be said that "the state court has unreasonably or without explanation failed to address petitions for relief." *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991). Even charitably construed, therefore, the Petition clearly indicates that there are state processes available to Jackson, which preclude excusing his failure to exhaust the asserted grounds. *See, e.g., Hughes*, 780 F.2d at 1581 (noting that excusing exhaustion is appropriate "in rare instances," and "would be inappropriate . . . where the petitioner has a viable state procedure available at the same time he files his federal petition."); *Madison v. Laughlin*, 2021 WL 4395636, at *1 (S.D. Ga. May 6, 2021) (finding petitioner failed to exhaust state remedies when state habeas

proceeding was pending when federal petition was filed), *adopted* 2021 WL 3856456 (S.D. Ga. Aug. 30, 2021).

Since Jackson's claims are unexhausted, his § 2254 Petition should be **DISMISSED without prejudice**.[4]    This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

---

[4] Given that the grounds asserted in Jackson's Petition are unexhausted, dismissal without prejudice is appropriate. *See, e.g., Reedman*, 305 F. App'x at 546 (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 17th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA